IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL TODD BAILEY                                                                                           PLAINTIFF

      v.                              Civil No. 5:20-cv-05117

DENNY HYSLIP, Public Defender;
DANIEL FIELDS, Public Defender;
SHERIFF TIM HELDER, Washington
County, Arkansas; and DETENTION
INVESTIGATOR TOM MULVANEY                                                             DEFENDANTS

**OPINION AND ORDER**

Michael T. Bailey ("Bailey"), currently an inmate of the Washington County Detention Center ("WCDC"), filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

According to the allegations of the Complaint (ECF No. 1), Bailey is incarcerated at the WCDC on pending criminal charges, a 120-day commitment for a misdemeanor conviction, and on a parole revocation. *Id.* at 1. Bailey has named as Defendants two public defenders, Denny Hyslip and Daniel Fields, Washington County Sheriff Tim Helder, and Detention Investigator Tom Mulvaney.

Bailey alleges the Defendants have: purposely delayed his state criminal trial by pushing his court date off; made him feel kidnapped and kept him in jail for ten months; and attempted to

1

"give [him] coronavirus and kill [him]."  (ECF No. 1 at 4-5).  Bailey alleges he has been denied a fair and speedy trial.  *Id.* at 6.  Bailey indicates he wants to press charges against Sheriff Helder.  *Id.* at 4.

Bailey uses the term "excessive force" but describes no use of physical force against him by the Defendants.  (ECF No. 1 at 4).  Although he makes the bare allegation that he is being retaliated against because he has filed other civil rights lawsuits, he alleges only that Defendants have "pushed [his] court date for 6 more months hoping [he will] die."  *Id.* at 5.

Bailey contends there is a "faulty, corrupt, jail, grievance, court system."  (ECF No. 1 at 6).  He alleges Defendants have "messed up [his] head" and believes they are trying to "kill" him or "poison" him with medication.  *Id.*

As relief, Bailey seeks compensatory and punitive damages.  (ECF No. 1 at 7).  He also requests compassionate release or a new court date.  *Id.*

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v.*

2

*Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A. The Public Defenders

Defendants Denny Hyslip and Daniel Fields, public defenders who represent or represented Bailey during his criminal proceedings, are not subject to suit under § 1983. They were not acting under color of state law while representing Bailey in his criminal proceedings. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under § 1983 against Defendants Denny Hyslip and Daniel Fields.

#### B. Criminal Charges

To the extent Bailey desires to bring criminal charges against Sheriff Helder, the claim fails. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009).

### C. Excessive Force

While inmates have a constitutional right to be free from the excessive use of force, Bailey has not alleged any facts suggesting that Sheriff Helder or Investigator Mulvaney used excessive physical force against him. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (Due Process Clause of the Fourteenth Amendment applies to excessive force claims by pretrial detainees; Eighth Amendment's prohibition against cruel and unusual punishment applies to excessive force claims of convicted inmates). Bailey has failed to state an excessive force claim.

### D. Retaliation

Bailey alleges Sheriff Helder and Investigator Mulvaney have retaliated against him for filing lawsuits by having his state criminal trial postponed so that he remains incarcerated. Generally, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990)). The retaliatory conduct itself need not be a constitutional violation to be actionable. Additionally, there is no independent injury requirement when retaliatory conduct is involved. *See Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994).

To state a retaliation claim, Bailey must allege that: (1) he engaged in protected activity; (2) Defendants responded with adverse action that would "'chill a person of ordinary firmness' from continuing in the activity"; and, (3) the adverse action was motivated at least in part by exercise of the protected action. *See L.L. Nelson Enterprise Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 807-08 (8th Cir. 2012) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

While Bailey alleges that he engaged in a protected activity, the filing of lawsuits, the

4

alleged retaliatory conduct is postponing his state criminal trial. However, trial dates are set by the Court -- occasionally with feedback from the attorneys involved in the case. The Court is unaware of any circumstances under which detention center officials, or even the county sheriff, is involved in that decision. Bailey has failed to state a retaliation cause of action.

### E. Speedy Trial Act

The remedy for alleged speedy trial violations is the filing of a motion to dismiss the charge in the appropriate court. Ark. R. Cr. P. 28.1. Sheriff Helder and Investigator Mulvaney were not involved in any way in the application of the Arkansas Rules of Criminal Procedure dealing with a speedy trial. No cause of action is stated against them.

### F. Conditions of Confinement

Bailey has alleged Defendants are attempting to kill him by exposing him to the coronavirus at the jail. To the extent this allegation can be read to be asserting a conditions of confinement claim, Bailey has a pending case in which he has brought a conditions of confinement claim based on his exposure to the virus. *Bailey v. Helder, et al.*, Civil No. 5:20-cv-05078.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

IT IS SO ORDERED this 15th day of July 2020.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE